# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER BILLEAUD,**

    **Plaintiff,**

**vs.**           Case No. 4:24cv65-WS-MAF

**DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case has been initiated upon receipt of the pro se Plaintiff's motion for appointment of an expert, ECF No. 1, and a motion for certificate of appealability, ECF No. 2. No complaint or petition has been filed.

Both documents have been reviewed and the Court has confirmed that Plaintiff has not filed a prior case in this Court. Even so, it appears Plaintiff intentionally submitted the documents to this Court, notwithstanding that he has no active cases, or closed cases.

A certificate of appealability is issued when a petitioner seeks to appeal a "final order" in either a § 2254 habeas corpus proceeding or a

§ 2255 proceeding.  28 U.S.C. § 2253.  Because it does not appear that Plaintiff has ever filed a § 2254 petition, there is no final order and a request for a certificate of appealability is improper.

In addition, review of Plaintiff's submissions indicate that Plaintiff believes he did not have a "fair trial under the Sixth and Fourteenth Amendment to the United States Constitution."  ECF No. 2 at 1.  He contends that the prosecutor did not "prove every element charged" and says he was denied the opportunity to present evidence of his wife's "extramarital affairs."  *Id.* at 2.  The exclusion of that evidence prevented Plaintiff from demonstrating his "sustained rage" and lack of "capacity to premeditate the killing . . . to support a conviction for felony murder."  *Id.*; *see also* ECF No. 1 at 2.

It appears that Plaintiff seeks an "order appointing an expert psychologist to examine and testify at a federal evidentiary hearing . . . ."  ECF No. 1.  In light of that request, it is presumed that Plaintiff is also requesting permission to file an appeal of his conviction.  ECF No. 2 at 3.

Page 3 of 4

Judicial notice is taken of the Florida Department of Corrections' website and, specifically, the "Corrections Offender Network" page.[1] Plaintiff has been incarcerated since November 18, 1988, and is serving a life sentence for first degree murder. He has already served a 7-year sentenced imposed for armed burglary of a dwelling. Plaintiff filed an appeal of his conviction which was affirmed on April 4, 1991, by the First District Court of Appeal for the State of Florida. <u>Billeaud v. State</u>, 578 So. 2d 343 (Fla. 1st DCA 1991).[2] His request for review by the Florida Supreme Court was denied on June 26, 1991. <u>Billeaud v. State</u>, 583 So. 2d 1034 (Fla. 1991). Accordingly, the time for filing a § 2254 habeas petition in this Court has long since expired.

Beyond that deficiency, this Court cannot grant Plaintiff's motions because they are unrelated to a pending case. Plaintiff has not filed a civil rights complaint or a habeas petition. Motions to appoint an expert must

---

[1] *See* https://fdc.myflorida.com/offenderSearch

[2] Notably, the very argument Plaintiff has presented to this Court (that evidence was improperly excluded) was submitted to the First District Court of Appeal. Plaintiff virtually copied language from that opinion in his motion. *See* ECF No. 2 at 2-3. The state court agreed that "the excluded evidence could have significantly strengthened" Plaintiff's "theory of defense" and, thus, "the trial court abused its discretion in excluding [that] evidence." <u>Billeaud</u>, 578 So. 2d at 345. Nevertheless, the court "conclude[d] beyond a reasonable doubt that the error did not affect the verdict." 578 So. 2d at 345.

Case No. 4:24cv65-WWS-MAF

pertain to a specific case and not as a general proposition. In light thereof, and because Plaintiff has not paid a filing fee for either type of case at the time of case initiation, it is recommended that this case be dismissed and the motions be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** and Plaintiff's motion for appointment of an expert, ECF No. 1, and the motion for certificate of appealability, ECF No. 2, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2024.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.